IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:15-CR-028-WSD-LTW |
| v. | |
| JASON PHILPOT and PATRICK BERNARD REESE, | |
| Defendants. | |

**MAGISTRATE JUDGE'S NONFINAL REPORT AND RECOMMENDATION**

Pending before this Court are Defendant Philpot's Motion to Dismiss Count Two in Light of Johnson v. United States, — U.S. —, 135 S. Ct. 2551 (2015), and Defendant Reese's Motion to Adopt Motion to Dismiss Filed by Other Counsel. (Docs. 80, 82). In Defendant Bernard Reese's Motion to Adopt Motion to Dismiss Filed by Other Counsel, Reese seeks dismissal of Count III of the Indictment against him and to adopt the reasoning offered by Defendant Jason Philpot in his Motion to Dismiss Count Two of the Indictment. Defendant Reese's request to adopt Defendant Philpot's Motion is **GRANTED**. (Doc. 82). For the reasons outlined below, however, Defendants' Motions to Dismiss Counts II and III of the Indictment should be **DENIED**. (Docs. 80, 82).

## DEFENDANTS' MOTIONS TO DISMISS COUNTS II AND III OF THE INDICTMENT

### I.   BACKGROUND

On January 27, 2015, the Grand Jury charged Defendants Reese and Philpot ("Defendants") with aiding and abetting each other to unlawfully take property from a Waffle House on Lavista Road in Tucker by means of actual and threatened force, violence, and fear of injury to the person of a Waffle House employee in violation of 18 U.S.C. §§ 2, 1951(a). (Doc. 1). In Counts II and III of the Indictment, Defendants were also charged with knowingly using, carrying, brandishing, and discharging a firearm during the commission of a crime of violence for which Defendants may be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c)(1)(C). In Counts IV and V, Defendants are charged with possession of a firearm after having been convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).

Defendants Philpot and Reese argue Counts II and III of the Indictment should be dismissed because the Hobbs Act robbery charge underlying the offenses in Counts II and III of the Indictment fails to qualify as a crime of violence within the meaning of the force clause of 18 U.S.C. § 924(c)(3)(A). Defendants also contend that the residual clause of Section 924(c) does not rescue the counts of the Indictment because it is unconstitutionally vague under <u>Johnson v. United States</u>, — U.S. —, 135 S. Ct. 2551 (2015).[1]

_____

[1]   In <u>Johnson v. United States</u>, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Criminal Career Act, 18

Defendants first contend that Counts II and III of the Indictment must be dismissed because the predicate crime upon which they are based, Hobbs Act robbery, is not a crime of violence. Defendants argue Hobbs Act robbery is not a crime of violence because it can be committed by merely putting one in fear of future injury to his person or property and does not require physical, violent force. In support, Defendants contend that under the categorical approach, where some conduct covered by the statute criminalizing the predicate offense is not a crime of violence, then the statute categorically fails to qualify as a crime of violence. Defendants argue that Hobbs Act robbery therefore, is not a crime of violence because the requirements for Hobbs Act robbery may be satisfied by merely showing fear of future injury to person or property, which can be accomplished without using, attempting to use, or threatening violent force. In response, the Government contends that Hobbs Act robbery qualifies as a crime of violence under the force clause of Section 924(c)(3)(A) because Hobbs Act robbery requires as an element "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or*

---

U.S.C. § 924(e) ("ACCA"), for committing a "violent felony" violates the due process clause because the definition of violent felony under the ACCA's residual clause is unconstitutionally vague. Under the ACCA, a defendant who is "convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555. In Johnson, the Supreme Court concluded that the residual clause was unconstitutionally vague because it does not explain how to estimate the potential risk of physical injury posed by a crime or how much risk it takes for a crime to qualify as violent felony. Johnson, 135 S. Ct. at 2557-58.

*threatened force, violence, or fear of injury, immediate or future, to his person or property*."

As noted above, in Count II of the Indictment, Defendant Philpot was charged with knowingly using, carrying, brandishing, and discharging a firearm during the commission of a crime of violence, Hobbs Act robbery, for which Defendant may be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Under 18 U.S.C. § 924(c)(1)(A)(iii), a person who discharges a firearm during the commission of a crime of violence is subject to a lengthier sentence. It provides:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person, who during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
>   . . .
>
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Similarly, Defendant Reese was charged in Count III of the Indictment for knowingly, using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(C). Thus, in order for the Counts II or III of the Indictment to properly allege crimes, Count I of the Indictment must involve using, carrying, or possessing a firearm

4

in connection with a "crime of violence."

For purposes of Section 924(c)(1), the term "crime of violence" means an offense that is a felony and:

> (3)(A) has an element the use, attempted use, or threatened use physical force against the person or property of another, *or*
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). Thus, in order to qualify for the enhancement under Section 924(c)(1)(A) or Section 924(c)(1)(C), the precedent crime in Count I must be a felony and must qualify as a crime of violence under Section 924(c)(3)(A)'s force clause *or* Section 924(c)(3)(B)'s residual clause. Here, the Hobbs Act robbery relied upon as the predicate for Counts Two and Three clearly satisfies the "force" clause of Section 924(c)(3)(A). When examining whether the predicate offense for purposes of Section 924(c)(1)(A) qualifies as a crime of violence, courts use either the categorical or the modified categorical approach. Typically, such questions are analyzed categorically, meaning that the determination is made by reference to the elements of the offense and not the actual facts of the Defendant's conduct. United States v. McGuire, 706 F.3d 1333, 1336-37 (11th Cir. 2013); United States v. Lenzy, No. 2:14-CR-00025-RWS-JCF, 2016 WL 1019712, at *2 (N.D. Ga. Feb. 4, 2016) (explaining that when examining a statute to determine if it qualified as a "crime of violence" under Section 924(c), "the court must answer 'categorically' - that is, by reference to the elements of the offense, and not the actual facts of the defendant's conduct"). Courts

5

are permitted to use a modified categorical approach when the predicate offense stems from a divisible statute. Deschamps v. United States, 133 S. Ct. 2276, 2281 (2013). A statute is divisible when it "sets out one or more elements of the offense in the alternative." Deschamps, 133 S. Ct. at 2281; United States v. Braun, 801 F.3d 1301, 1304 (11th Cir. 2015). Here, Defendants are charged in Count I of the Indictment with aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §1951(a) and 18 U.S.C. § 2. (Doc 1, at 1). Count I of the Indictment provides:

> On or about September 30, 2014, . . . the defendants JASON PHILPOT and PATRICK BERNARD REESE, aided and abetted by each other, did knowingly obstruct, delay and affect commerce and the movement of articles and commodities in such commerce, by robbery, as those terms are defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain property, that is United States currency, belonging to Waffle House. . . by means of actual and threatened force, violence and fear of injury to the person of the employee, in violation of Title 18, United States Code, Sections 1951(a) and 2.

(Doc. 1, at 1).

The Hobbs Act is a divisible statute which provides multiple elements of the offense in the alternative. Title 18 U.S.C., section 1951(a) provides:

> Whoever in any way or degree obstructs, delays of affect commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act defines robbery as:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of

6

> actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). The Hobbs Act qualifies as a divisible statute because it sets forth one or more elements of the offense in the alternative. Lenzy, 2016 WL 1019712, at *2, citing United States v. Brenlow, No. 1:15-CR-34-SLB-SGC, 2015 WL 6452620, at *4 (N.D. Ala. Oct. 26, 2015). Indeed, the Hobbs Act can be violated in numerous ways, including (1) robbery, (2) extortion, or (3) committing or threatening physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of 18 U.S.C. § 1951(a). United States v. Collins, No. 1:14-CR-302-TWT-AJB, 2016 WL 1639960, at *30 (N.D. Ga. Feb. 9, 2016). Thus, application of the modified categorical approach is appropriate. See In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (analyzing the allegations of the indictment and concluding that the Hobbs Act robbery charged was a crime of violence); Collins, 2016 WL 1639960, at 30; Lenzy, 2016 WL 1019712, at *3. When applying the modified categorical approach, the court may look to a limited set of documents, including the indictment, to determine which of the statute's alternative elements formed the basis of the defendant's charge. Descamps, 133 S. Ct. at 2281; Braun, 801 F.3d at 1305.

In this Case, Count One of the Indictment clearly charges a crime of violence under Section 924(c)(3)(A)'s force clause, and thus, Section 924(c)(3)(B)'s residual clause is not implicated. As noted above, in order to be a crime of violence, the offense

7

has to be a felony that either meets the force clause or residual clause of Section 924(c)(3). The predicate offense is a crime of violence under the force clause if it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Alternatively, an offense is a crime of violence under the residual clause if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Here, the aiding and abetting Hobbs Act robbery charge in the Indictment is a crime of violence under the force clause because it includes as an element of the offense the use or threatened use of physical force against the person or property of another. (Doc. 1, at 1); See In re Colon, 826 F.3d 1301, 1304-05 (11th Cir. 2016) (concluding that a companion conviction for aiding and abetting a Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" without regard to the § 924(c)(3)(B) residual clause); Fleur, 824 F.3d at 1341; Kim v. United States, Nos. 1:16-CV-1173-WSD, 1:12-CR-323-WSD-CMS, 2016 WL 5438449, at *2 (N.D. Ga. Sept. 29, 2016); see also In re Chance, 831 F.3d 1335, at 1337-38 (11th Cir. 2016). The fact that Count I charges Defendants with aiding and abetting does not transform Count I into not being a crime of violence. Aiding and abetting, under 18 U.S.C. § 2 allows a defendant to be found guilty as a principal when he or she aides or procures someone else to commit the offense. Colon, 826 F.3d at 1305; see also In re Watt, 829 F.3d 1287, 1290 (11th Cir. 2016). Under 18 U.S.C. § 2, the acts of the principal become those of

8

the aider and abettor as a matter of law. Colon, 826 F.3d at 1305. Thus, because an "aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery." Colon, 826 F.3d at 1305.

The Eleventh Circuit has already concluded that Hobbs Act robbery, as criminalized in Section 1951(a), incorporates the use or threatened use of violence. 18 U.S.C. § 1951(a), (b); Colon, 826 F.3d at 1305 (explaining that Hobbs Act robbery qualifies as a crime of violence under the force clause in Section 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); Fleur, 824 F.3d at 1341. Moreover, Defendants are charged with aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. § 1951 "by means of actual and threatened force, violence and fear of injury to the person of the employee." (Doc. 1, at 1). Because the substantive offense of Hobbs Act robbery here "has an element the use, attempted use, or threatened use of physical force against the person or property of another, . . . an aider and abettor of Hobbs Act robbery necessarily commits a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Colon, 826 F.3d at 1305; see also Chance, 831 F.3d at 1337-38; Fleur, 824 F.3d at 1341. Clearly, under recent Eleventh Circuit precedents, the robbery with which Defendants are charged in Count One qualifies as a crime of violence. Accordingly, the force clause of Section 924(c)(3)(A) applies. Fleur, 824 F.3d at 1341; Collins, 2016 WL 1639960, at *30;

9

Lenzy, 2016 WL 1019712, at *3; Brenlow, 2015 WL 6452620, at *4-5. Because the Hobbs Act robbery charge clearly is a crime of violence within the meaning of the force clause, there is no need to examine the constitutionality of the residual clause and Johnson, *supra*, does not apply. Colon, 826 F.3d at 1305; Fleur, 824 F.3d at 1341. Therefore, the constitutional vagueness analysis at issue in Johnson is not at issue in this case and Defendants' Motions to Dismiss Counts II and III of the Indictment should be **DENIED**. (Docs. 80, 82).

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant Reese's request to adopt Defendant Philpot's Motion is **GRANTED**. (Doc. 82). For the reasons outlined below, however, Defendants' Motions to Dismiss Counts II and III of the Indictment should be **DENIED**. (Docs. 80, 82). As noted in the minute entry for proceedings before the undersigned on March 26, 2015 (Docs. 30, 31), the Motions to Sever Counts and to Sever Defendant are **DEFERRED** to the District Court. (Docs. 24, 25, 27).

**SO ORDERED, REPORTED AND RECOMMENDED** this __16__ day of November, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)