IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JASON PHILPOT and PATRICK BERNARD REESE,<br><br>Defendants. | 1:15-cr-00028-WSD |

OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation ("R&R") [90] regarding Defendant Jason Philpot's Motion to Dismiss Count Two of the Indictment [80] ("Motion to Dismiss") and Defendant Patrick Reese's Motion to Adopt Motion to Dismiss Filed by Other Counsel [82] in which Reese seeks dismissal of Count Three of the Indictment and in which he requests to adopt the grounds and reasoning presented by Defendant Philpot in his Motion to Dismiss Count Two. Defendants Philpot and Reese argue that Counts Two and Three are required to be dismissed because the Hobbs Act robbery statute is unenforceable after the Supreme Court's decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015).

1

**I.    BACKGROUND**

Defendants Philpot and Reese are charged, respectively, in Counts Two and Three of the Indictment, of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, specifically, a Hobbs Act robbery at a Waffle House restaurant on LaVista Road in Tucker, Georgia, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 924(c)(1)(C).  (Indictment [1]).  In Count One, Defendants are charged with a substantive Hobbs Act robbery offense, in violation of 18 U.S.C. §§ 1951(a) and 2.  (Id.).[1]

Defendants seek to dismiss Counts Two and Three on the grounds that they are based on the underlying Count One Hobbs Act robbery charge, which Defendants contend does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A).  ([80], [92]).

The R&R finds that Count One is a crime of violence, and the Magistrate Judge recommends that Defendants' Motions to Dismiss Counts Two and Three be denied.

---

[1] In Counts Four and Five, Defendants Philpot and Reese are charged, respectively, as felons in possession of one or more firearms, in violation of 18 U.S.C. § 922(g)(1).  (Id.).  They are not the subject of Defendants' motions.

## II.     STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Defendant Philpot objects to the finding and recommendation in the R&R that "the Hobbs Act robbery relied upon as the predicate for count two is a crime of violence that clearly satisfies the force clause of section 924(c)(3)(A)." (Defendant's Objections to the Magistrate Judge's Non-Final Report and Recommendation ("Obj.") [94] at 1).  This finding and recommendation is reviewed *de novo*.  Defendant Reese did not object to the R&R.  The Court reviews

for plain error the findings and recommendations with respect to (i) Defendant Reese and (ii) with respect to the areas to which Defendant Philpot did not object.[2]

## III. DISCUSSION

### A. The *Johnson* objection

Counts One and Two are the counts at issue relating to Defendant Philpot. Counts One and Three are the counts at issue concerning Defendant Reese. Count One charges both defendants with Hobbs Act robbery at a Waffle House. The count charges that Defendants

> did knowingly obstruct, delay and affect commerce . . ., by robbery, as those terms are defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain property, that is, United States currency, belonging to Waffle House . . ., a business then engaged in interstate commerce . . ., by means of actual and threatened force, violence and fear of injury to the person of the employee. . . .

(Indictment at 1); 18 U.S.C. § 1951. Section 1951(b) defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession. . . ." Id.

---

[2] There are no objections to the facts set out in the R&R and, finding no plain error in them, the facts are adopted by the Court.

4

>Count Two alleges:
>
>[D]efendant, Jason Philpot, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted . . . , that is, Hobbs Act Robbery [sic], as alleged in Count One. . . .

(Indictment at 1-2); 18 U.S.C. § 924(c)(1)(A)(iii).[3]  Section 924(c)(3) defines a "crime of violence" as: "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id.

Defendants, construing these statutes, argue that the "Hobbs Act robbery charge (Count 1) underlying the § 924(c) offense (Count 2) categorically fails to qualify as a crime of violence within the meaning of the force[4] clause of 18 U.S.C. § 924(c), that is 924(c)(3)(A)."  (Mot. to Dismiss at 1).  Defendants argue: "The wording of the Hobbs Act even as to robbery does not require force or threatened force.  Instead it requires force or threatened physical injury."  (Id. at 2).  Because

---

[3] Defendant Philpot and Defendant Reese were charged in separate counts (Counts Two and Three, respectively), and under separate sections of 18 U.S.C. § 924(c) because they had different criminal histories.  Each count, however, refers to the Count One Hobbs Act robbery as the predicate crime of violence.

[4] Our Circuit refers to this subsection as the "use-of-force" clause and that is how the Court refers to it in this Order.

"[p]hysical injury can be accomplished by [means] other than physical force . . ., it is now clear that the residual clause of § 924(c), 924(c)(3)(B), is unconstitutionally vague. . . ." (Id.).

> B. Statutory construction of the "use-of-force clause" of 18 U.S.C. § 924(c)(3)(A)

The question here is whether Hobbs Act robbery is a crime of violence for the purposes of 18 U.S.C. § 924(c). The Court concludes that it is. The statute provides a definition for crime of violence. It provides that a crime is one of violence where the crime, in addition to being a felony, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3). That is what Hobbs Act robbery requires. It is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession. . . ." 18 U.S.C. § 1951(b)(1). A plain reading of the statute establishes Hobbs Act robbery as a crime of violence, including for the purposes of Sections 924(c)(2) and (3). Johnson does not change its character as a crime of violence.

6

This plain reading was applied in a number of recent cases from the Eleventh Circuit, which confirm the statute's "crime of violence" characteristic. In In re Fleur, 824 F.3d 1337 (11th Cir. 2016), the Court considered whether Johnson impacts a robbery charge under the Hobbs Act, 18 U.S.C. § 1951(a), and a separate charge of using, carrying, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(iii). These are the same charges returned against Defendant Philpot. The Eleventh Circuit held that Johnson does not apply to a Hobbs Act robbery:

> But we need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if Johnson's rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, [defendant's] claim does not meet the statutory criteria for granting this § 2255(h) application. This is because [defendant's] companion conviction for Hobbs Act robbery, *which was charged in the same indictment as the § 924(c) count*, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).

In re Fleur, 824 F.3d at 1340 (emphasis added). In In re Colon, 826 F.3d 1301 (11th Cir. 2016), the Circuit Court reached the same conclusion, holding that "a companion substantive Hobbs Act robbery conviction qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."[5] Id. at 1305; see also

---

[5] Defendant argues that the opinions in Fleur and Colon are "not binding authority, but rather purely dicta as they are merely orders denying applications for second or successive § 2255 motions." (Obj. at 2). The published opinions in Fleur and

United States v. McCallister, 2016 WL 3072237, at *7 (D.D.C. May 31, 2016);

United States v. Standberry, 139 F. Supp. 3d 734, 740 (E.D. Va. Oct. 9, 2015);

United States v. Brownlow, 2015 WL 6452620, at *4-5 (N.D. Ala. Oct. 26, 2015).

Defendant's reliance on the Eleventh Circuit's decision in In re Gomez, 830 F.3d 1225 (2016), that a Hobbs Act robbery is not a crime of violence, is misplaced.[6]  Our Circuit in Gomez remanded the case to the district court because it was unclear what count was used as the predicate offense for sentencing purposes and because the Eleventh Circuit had not considered whether an "attempt" to commit a Hobbs Act robbery is considered a crime of violence.  Here, Defendants are not charged with Hobbs Act robbery attempts, and the count used as the predicate offense for the § 924(c) count is not an issue.

For these reasons, and having conducted its *de novo* review, the Court overrules Defendant Philpot's objection to the R&R.  Count Two is not required to be dismissed.

---

Colon are based on the Court's finding that Hobbs Act robbery is a crime of violence.  These decisions are binding because this finding was essential to the Court's ruling in these cases.  They are persuasive because they interpret the statutes at issue in this case.

[6] In In re James, which was decided around the same time as Gomez, our Circuit clarified that "under our binding precedent in *Saint Fleur*, . . . § 924(c) convictions . . . [based on] substantive Hobbs act robbery convictions . . . would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional."
In re James, 2016 WL 4608125, at *3 (11th Cir. 2016).

C.  Defendant Reese Findings and Recommendations

Count Three, which applies to Defendant Reese, charges:

> [D]efendant, Patrick Bernard Reese, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted . . ., that is, Hobbs Act Robbery, as alleged in Count One. . . .

(Indictment at 2).

The same reasoning, used to evaluate Defendant Philpot's claim that the Hobbs Act robbery charge alleged in Count One is not a predicate crime of violence for the purposes of § 924(c)(1)(A), applies here.  Count One, as the predicate offense for Defendant Reese's § 924(c)(1)(C) offense alleged in Count Three, is a crime of violence.  For the reasons stated above, the Court finds no plain error in the R&R finding that Count One alleges a crime of violence.  Count Three is not required to be dismissed.

IV. **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Linda T. Walker's Report and Recommendation [90].

**IT IS FURTHER ORDERED** that Defendant Jason Philpot's Motion to Dismiss Count Two [80] is **DENIED.**

9

**IT IS FURTHER ORDERED** that Defendant Patrick Reese's Motion to Adopt Motion to Dismiss Filed by Other Counsel [82] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Patrick Reese's Adopted Motion to Dismiss [92] is **DENIED.**

**SO ORDERED** this 22nd day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE