IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JASON PHILPOT and PATRICK BERNARD REESE,<br><br>        Defendants. | 1:15-cr-00028-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jason Philpot's Motion to Sever Counts [24] and Motion to Sever Defendants [25], and Defendant Patrick Bernard Reese's Motion to Sever Counts or, Alternatively, to Prevent the Government from Offering Evidence on or related to Defendant Reese's Prior Felony Conviction [27].

**I.  BACKGROUND**

Defendants Philpot and Reese are charged with the Hobbs Act robbery of a Waffle House on Lavista Road in Tucker, Georgia, in violation of 18 U.S.C. § 1951(a) and (2) (Count One); using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(C) (Counts Two and Three); and, being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1) (Counts Four and Five).  The counts all arise from Defendants' alleged robbery of a Waffle House restaurant on Lavista Road in Tucker, Georgia.  Defendants move to sever Counts Four and Five from the trial on Counts One, Two, Three, and Four, or to preclude the Government from offering, at trial, evidence of Defendant Philpot's or Defendant Reese's prior felony convictions.  Defendants argue that admission of, or reference to, their past felony convictions would "create[] a risk of unfair prejudice to the defendant[s]," requiring severance of these counts.  (Reese's Mot. to Sever Counts [27] at 2).

Defendant Philpot also moves to sever his trial from that of Defendant Reese.  Defendant Philpot argues that Defendant Reese "has given statements to law enforcement officers, regarding his participation in the [crimes charged]" and that the "statements given by his codefendant refer to and implicate Mr. Philpot." (Mot. to Sever Defendants [25] at 2).  Defendant Philpot also argues that severance is required because Defendant Reese "may raise defenses which are antagonistic to him."  (Id.).

**II.   DISCUSSION**

    A.   <u>Motions to Sever Counts</u>

Rule 8(a) of the Federal Rules of Criminal Procedure allows for the joinder of offenses in an indictment returned against a defendant.  Rule 8(a) provides:

2

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  Rule 14 of the Federal Rules of Criminal Procedure allows severance.  It provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide other relief that justice requires.

Fed. R. Crim. P. 14.

"Rule 8(a) is broadly construed in favor of the initial joinder." United States v. Dominquz, 226 F.3d 1235, 1238 (11th Cir. 2000).  Joinder of charges, including a felon in possession of a firearm charge, is allowed where there is a connection between the felony firearms possession and the other offense or offenses charged.  United States v. Blanchard, 542 F.3d 1133 (7th Cir. 2008); United States v. Johnson, 130 F.3d 1420 (10th Cir. 1997); see also United States v. Mays, 466 F.3d 335 (5th Cir. 2006) (felon in possession and cocaine distribution offenses not improperly joined since firearm and cocaine found during same search).

Charges, however, may be severed if joinder prejudices the defendant. Fed. R. Crim. P. 14(a). The relief under Rule 14 is available where there is a showing that a joint trial will cause defendant undue prejudice. United States v. Marszalkowski, 669 F.2d 655 (11th Cir. 1982); see also United States v. Buchanan, 930 F.Supp. 657, 667 (D. Mass. 1996) (substantial prejudice required for severance). The burden on the defendant to show that he will suffer prejudice is a heavy one. United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993). Claimed prejudice can often be addressed by a court by appropriate limiting instructions to assure a jury will consider the charge sought to be severed separately and to not allow evidence or commission of the separate crime to be used in reaching a verdict on the other charge or charges for which the evidence is not relevant. United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987).

Defendants here cannot establish undue prejudice by joinder of Counts Four and Five with the other indictment counts. These counts all relate to the Waffle House robbery on September 30, 2014. The Hobbs Act robbery, the brandishing of guns in connection with the robbery, and possession of firearms by convicted felons Defendants Philpot and Reese, are all interrelated and interdependent crimes. Defendants, in this case, each illegally possessed the firearms that they

used illegally. Each Defendant's illegal possession of these weapons supports his intent to commit the Hobbs Act robbery on September 30, 2014.

Defendants argue they will be prejudiced if the felon in possession charges are introduced at trial, because the Government will be able to present evidence of their past felony convictions—evidence which Defendants argue would be admissible only if a defendant testifies. Defendants claim these felony convictions are not related to the Hobbs Act or brandishing counts and if they are allowed into evidence the jury will conclude Defendants committed the September 30, 2014, robbery because Defendants generally have committed crimes in the past. Defendants seem to advocate a bright line test where no circumstances would ever warrant joining a felon in possession charge with other charges because it always would allow evidence of a defendant's felony conviction and a defendant's character to engage in criminal conduct. The argument advanced by Defendants is myopic.

The Court agrees that when a felon in possession of a firearm is charged with other crimes, Rule 14 requires a closer look at the crime charged to evaluate if a defendant can show he will suffer sufficient prejudice. A closer look at the facts in this case supports that Counts Four and Five should not be severed.

The Court considers Counts Four and Five, their relationship to the other counts in the indictment, and the judicial efficiency of charging them in the same indictment. Counts Four and Five as alleged, and Counts One, Two, and Three, as alleged, are on their face inextricably interrelated. All of these crimes are alleged to have occurred on September 30, 2014—the day, it is charged, on which Defendants robbed the Waffle House in Tucker, Georgia. It was during this robbery that Defendants brandished the firearms that they are alleged to have illegally possessed. This interconnection compels the conclusion that these charges not be severed. See United States v. Rogers, 652 F.2d 972, 976 (10th Cir. 1981) ("[W]hen an indictment charges a crime involving principals and aider-abettors, those charged should be tried together").

That Defendants possessed guns illegally also is evidence of their intent to commit the Hobbs Act robbery charge, including that they intended to cause the employees and patrons to respond to their demands even if they had to use weapons the possession of which was illegal. Severance of the felon in possession charges would necessarily require significant portions of the event at the Waffle House that day to be introduced, in a separate trial on the firearms count, because they are intertwined with the firearm possession charges and are probative of Defendants' intent. That the evidence would be overlapping supports that

6

severance would impede judicial efficiency.  In short, Defendants have not shown undue prejudice by the joinder of these charges that would require severance.  To the extent there is some prejudice by not severing the Counts Four and Five, this prejudice can be addressed by (i) limiting the evidence of the specific felony for which Defendants were convicted and allowing only evidence that each Defendant had been convicted of a felony before September 30, 2014, and (ii) giving an instruction to the jury limiting use of the evidence of the prior convictions allowing it only to be considered in determining whether the Government has met its burden to prove, beyond a reasonable doubt, the elements of the offenses alleged in Counts Four and Five.[1]  Defendant Philpot's and Reese's severance of counts motions are denied.

---

[1]   The Court proposes to use this limiting instruction:  The Government has introduced evidence that Defendant Philpot and Defendant Reese were convicted of a felony before September 30, 2014.  This evidence is admitted for a limited purpose.  First, you may consider it to determine if the Government proved, beyond a reasonable doubt, the element of the offense charged in Count Four and the element of the offense charged in Count Five.  You may not consider this prior felony conviction evidence to show that Defendants committed the offenses charged in Counts One, Two, and Three except that the evidence can be considered on Defendants' plan, motive, or preparation for the crimes charged in Counts One, Two, and Three and whether Defendants intended to commit one or more of those offenses.

B.     Defendant Philpot's Motion to Sever Defendants

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).  When a defendant alleges that statements offered at a joint trial would be prejudicial, Rule 14(b) of the Federal Rules of Criminal Procedure provides:

> Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use at trial.

Fed. R. Crim. P. 14(b).

"Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency." United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990), cert. denied, 498 U.S. 1091 (1991).  "[A] countervailing purpose of Rule 8(b) 'is to prevent the cumulation of prejudice [resulting from] charging several defendants with similar but unrelated offenses.'"  Id. (quoting United States v. Bova, 493 F.2d 33, 35 (5th Cir. 1974)).  "[W]hen . . . the connection between different groups is limited to a few individuals common to each but those

8

individuals commit separate acts which involve them in separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present." Id. at 1477 (quoting United States v. Nettles, 470 F.2d 547, 551 (5th Cir. 1978)).  Even if criminal acts of defendants are similar, they "cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations." Id. (quoting United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974)).

There are generally four limited instances where a Court might consider severance of defendants:

  a. Defendants rely on mutually antagonistic defenses;

  b. One defendant would exculpate the moving defendant in a separate trial, but will not testify in a joint setting;

  c. Inculpatory evidence will be admitted against one defendant that is not admissible against the other; and

  d. Cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence to make an individualized determination as to each defendant.

United States v. Chavez, 584 F.3d 1354, 1360-61 (11th Cir. 2009).  The test whether these conditions are met is whether there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment of guilt or innocence.  See United States v. Condon, 132 F.3d 653 (11th

Cir. 1998).  In determining whether to sever defendants, a court should balance the prejudice that a defendant may suffer from a joint trial against the public's interest in judicial economy and efficiency.  United States v. Frost, 61 F.3d 1518 (11th Cir. 1995) modified on other grounds, 77 F.3d 1319; United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991).  Whether "initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment."  Weaver, 905 F.2d at 1476.

Defendant Philpot here makes general, conclusory arguments that the defendants should be severed.  He did not articulate (i) any mutually antagonistic defenses upon which the defendants rely; (ii) whether codefendant Reese would exculpate Philpot in a separate trial, but will not testify in a joint setting; (iii) whether inculpatory evidence will be admitted against one defendant that is not admissible against the other; and (iv) the cumulative and prejudicial "spill over" effect that may prevent the jury from sifting through the evidence to make an individualized determination as to each defendant.  That is because there is none.

A careful reading of the Indictment and its counts show that each of the crimes alleged are intricately interrelated to each other.  The Indictment charges both defendants with the crime of robbery at a Waffle House on

September 30, 2014.  During the robbery, both Defendants are charged with brandishing and discharging their firearms.  They both also are charged with illegally carrying firearms that day because they both are alleged to have had a previous felony conviction.  Each of these charges is integrated with the September 30, 2014, Waffle House robbery.  Each codefendant is alleged to have aided and abetted the other in the robbery's commission.  For all these reasons, Defendants Philpot and Reese are required to be tried together.  To the extent Defendant Philpot argues that statements Defendant Reese made to investigations will prejudice him at trial, that issue is resolved.  The Court, in its Order on Defendant Reese's Motion to Suppress Statements and the Fruits Thereof [100] suppressed evidence of statements made by Defendant Reese dealing with post arrest interrogation at the DeKalb County Police Department.[2]  The Court further found that the Government does not intend to introduce evidence of statements Defendant Reese made in Officer Anderson's police car while transporting Defendant Reese to the DeKalb Police Department after he was arrested.[3]  Defendant Philpot's motion to sever defendants is denied.

---

[2]  The Court did not suppress some routine personal biographical information Defendant Reese provided about himself when the interview started.  Addition of this information would not be prejudicial, assuming it is offered.

[3]  The Government reserved the possible use of this statement to impeach Defendant Reese if he chooses to testify.

11

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot's Motion to Sever Counts [24] and Motion to Sever Defendants [25], and Defendant Reese's Motion to Sever Counts or, Alternatively, to Prevent the Government from Offering Evidence on or related to Defendant Reese's Prior Felony Conviction [27] are **DENIED**.

**SO ORDERED** this 8th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE