# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JASON PHILPOT and PATRICK BERNARD REESE,<br>        **Defendants.** | 1:15-cr-28-WSD-LTW |

## OPINION AND ORDER

This matter is before the Court on the Government's Notices of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b) [105], [106].

**I.    BACKGROUND**

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Defendants Jason Philpot ("Philpot") and Patrick Bernard Reese ("Reese") (together, "Defendants") with aiding and abetting each other in Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5).

The Indictment alleges that, on September 30, 2014, Defendants robbed a Waffle House restaurant in Tucker, Georgia.

On February 14, 2017, the Government filed its notice of intent to introduce evidence that Philpot was convicted, on March 4, 2002, of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). ([106]). The Government argues that Philpot's conviction "tends to show that [his] possession of a firearm in the instant case was done knowingly and was not the result of a mistake." ([106] at 2). Philpot argues that evidence of his prior conviction "substantially outweighs any probative value such evidence would possess in regard to the present offense." ([116] at 11).

On February 14, 2017, the Government also filed its notice of intent to introduce evidence that, on November 28, 2004, Reese was convicted of (i) "committing an armed robbery of a Shell Food Mart," in violation of 18 U.S.C. § 1951(a), and (ii) "brandishing a firearm during the robbery of the Shell Food Mart," in violation of 18 U.S.C. § 924(c). ([105]). The Government argues that Reese's prior convictions "tend to show [his] plan, his knowledge and that [his] participation in the Hobbs Act Robbery and discharge of a firearm during the robbery were not the result of a mistake." ([105] at 2). Reese argues evidence of

his prior convictions is "not relevant to an issue other than [his] character" and is "substantially more prejudicial than probative." ([126] at 4, 6).

## II. DISCUSSION

### A. Legal Standard

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2).

> To admit evidence under Rule 404(b), three conditions must be met: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

United States v. Rodriguez, 452 F. App'x 883, 886 (11th Cir. 2012) (citing United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (per curiam)).[1]

---

[1] Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court applies this three-prong test to the Rule 404(b) evidence sought to be introduced by the Government.

    B.    <u>Philpot's Prior Firearm Conviction</u>

Philpot is charged with being a convicted felon in possession of a firearm. To convict Philpot of this offense, the Government must prove that he knowingly possessed a firearm. 18 U.S.C. § 922(g); <u>United States v. Hunter</u>, 373 F. App'x 973, 977 (11th Cir. 2010). Philpot has "never admitted to or stipulated to the fact that he knowingly and intentionally possessed the firearm found by [the Government in this case]." <u>United States v. Taylor</u>, 417 F.3d 1176, 1182 (11th Cir. 2005). Philpot's plea of not guilty, entered on February 19, 2015, "placed this element of the § 922(g) offense in issue." <u>United States v. Jernigan</u>, 341 F.3d 1273, 1281 n.7 (11th Cir. 2003); (<u>see</u> [10]). The Eleventh Circuit has held repeatedly that the Government is entitled to prove this offense element by introducing evidence of defendant's past conviction for possessing a firearm as a convicted felon. See <u>Taylor</u>, 417 F.3d at 1182; <u>Jernigan</u>, 341 F.3d at 1281-82. This is because "the fact that [defendant] knowingly possessed a firearm . . . on a previous occasion makes it more likely that he *knowingly* did so this time as well, and not because of accident or mistake." <u>Jernigan</u>, 341 F.3d at 1282. Evidence of Philpot's prior conviction meets the first prong of the test because the conviction is

4

"relevant to an issue other than [Philpot's] character."  Rodriguez, 452 F. App'x at 886; see, e.g., United States v. Perrier, 619 F. App'x 792, 796 (11th Cir. 2015).

Under the second test prong, "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act." Rodriguez, 452 F. App'x at 886.  The Government has submitted documentary evidence that Philpot pleaded guilty to, and was convicted of, being a felon in possession of a firearm.  ([106] at 1; [106.1]).  This is sufficient proof that he committed the offense of which he was convicted.  See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that [defendant] committed the prior act.  The fact that the conviction was based on a guilty plea is inconsequential." (citations omitted)).

As to the third test prong, whether the probative value of the prior bad act evidence is not substantially outweighed by unfair prejudice, the Court also finds in favor of the Government.  Philpot's prior conviction is highly probative because Philpot has placed his intent at issue by pleading not guilty to the charged offenses, and his prior conviction is for the same firearm offense with which is charged in this case.  See United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (admission of Rule 404(b) evidence was proper because of the "overall similarity of the charged and extrinsic offenses," and because the defendant contested the

issue of intent by pleading not guilty to the offenses charged); see also United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir.1995) (concluding that a fifteen-year time period, between the extrinsic bad act and the offenses charged, did not render the extrinsic acts too remote for admission under Rule 404(b)). Philpot's prior conviction also is probative of his motive and plan to commit the robbery. To address any perceived prejudice, the Court will give an appropriate limiting instruction to the jury. See United States v. South, 295 F. App'x 959, 969 (11th Cir. 2008) ("The risk of undue prejudice can be reduced by a district court's limiting instruction, and this court will presume the jury follow[s] the court's instructions."); Edouard, 485 F.3d at 1346 ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury.").[2] The probative value of Philpot's conviction is not substantially outweighed by a danger of undue prejudice, and evidence of the conviction is admissible under Rule 404(b). See United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (exclusion

---

[2] The Court intends to give the following limiting instruction: The Government has introduced evidence of Mr. Philpot's previous conviction for illegal possession of a firearm. This evidence is allowed for a limited purpose. It may only be considered to determine if Mr. Philpot intended to possess a firearm. That is, you may consider it only in determining whether Mr. Philpot's alleged firearm possession was done knowingly.

6

under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility" (quoting United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003))).

C. Reese's Prior Convictions

The Government seeks to introduce evidence that, on November 28, 2004, Reese was convicted of (i) "committing an armed robbery of a Shell Food Mart," in violation of 18 U.S.C. § 1951(a), and (ii) "brandishing a firearm during the robbery of the Shell Food Mart," in violation of 18 U.S.C. § 924(c). ([105]). This evidence is relevant to prove Reese's intent in this case, which Reese has put at issue by pleading not guilty [14], because Reese's prior convictions are for two of the same offenses with which he is charged in the current Indictment. See Edouard, 485 F.3d at 1345 ("[W]here the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied."); United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) ("Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense."); id. ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b)

evidence absent affirmative steps by the defendant to remove intent as an issue.").[3] Evidence of Reese's prior convictions meets prong one of the test, because it is relevant to an issue other than Reese's character.

The Government's proposed Rule 404(b) evidence also meets prong two of the test, because, like Philpot, Reese pleaded guilty to the offenses underlying the convictions that the Government seeks to introduce at trial. See Calderon, 127 F.3d at 1332 ("It is elementary that a conviction is sufficient proof that [defendant] committed the prior act. The fact that the conviction was based on a guilty plea is inconsequential." (citations omitted)); (see [105.1] (documentary evidence that Reese pleaded guilty to, and was convicted of, the offenses)).

The Court also finds that evidence of Reese's prior convictions is not barred by Rule 403. Reese's prior convictions have significant probative value because Reese has placed his intent at issue, and his prior convictions are for two of the same offenses with which he is charged in this case. See Edouard, 485 F.3d at 1345 (admission of Rule 404(b) evidence was proper because of the "overall

---

[3] See, e.g., Rodriguez, 452 F. App'x at 887 ("To prove intent the Government was permitted to submit evidence that Lorenzo Rodriguez committed similar armed robberies to steal money and drugs with the same codefendants."); United States v. Steele, No. 1:14-CR-147, 2016 WL 4059714, at *1 (N.D. Ga. June 21, 2016) ("Given that the prior conviction is for Hobbs Act robbery, the very same crime with which Defendant is charged in this case, the evidence of the 2007 conviction is relevant to showing Defendant's intent.").

8

similarity of the charged and extrinsic offenses," and because the defendant contested the issue of intent by pleading not guilty to the offenses charged). This probative value is not materially reduced by the ten-year time period between Reese's prior convictions and his alleged commission of the offenses with which he is charged in this case. See, e.g., Lampley, 68 F.3d at 1300 (concluding that a fifteen-year time period, between the extrinsic bad act and the offenses charged, did not render the extrinsic acts too temporally remote for admission under Rule 404(b)). Reese allegedly committed the charged offenses only four months after completing the sentence he received for his November 28, 2004, convictions. ([129] at 6); see United States v. LeCroy, 441 F.3d 914, 926 (11th Cir. 2006) ("[T]he significance of the ten-year time period between the previous and instant crimes is diminished because LeCroy was incarcerated for most of that time, and because the instant crime was committed approximately six weeks after his release from prison."). To address any perceived prejudice, the Court will give an appropriate limiting instruction to the jury. See South, 295 F. App'x at 969; Edouard, 485 F.3d at 1346.[4] The probative value of Reese's convictions is not

---

[4] The Court intends to give the following limiting instruction: The Government has introduced evidence of Mr. Reese's previous convictions for armed robbery and brandishing a firearm during the robbery. This evidence is allowed for a limited purpose. It may be considered only to determine if Mr. Reese

9

substantially outweighed by undue prejudice, and evidence of the convictions is admissible under Rule 404(b).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government is allowed to introduce the evidence described in its Notices of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b) [105], [106].

**SO ORDERED** this 24th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

intended to commit the robbery of the Waffle House and if he intended to use a firearm to do so.