**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

**JASON PHILPOT,**

       **Defendant.**

1:15-cr-28-WSD-LTW-1

# ORDER

This matter is before the Court on Defendant Jason Philpot's ("Philpot") Motion in Limine [113].

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Philpot and co-defendant Patrick Bernard Reese ("Reese") (together, "Defendants") with aiding and abetting each other in Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5). The Indictment alleges that, on September 30, 2014, Defendants robbed a Waffle

House restaurant in Tucker, Georgia. The Government recovered two face masks during its investigation of the robbery.

On June 8, 2016, Mackenzie Kilkeary ("Mr. Kilkeary"), a forensic DNA Analyst at the Georgia Bureau of Investigation ("GBI"), issued a two-page report (the "Report") comparing Defendants' DNA samples with DNA material taken from the face masks. The Report concluded, "[w]ith a reasonable scientific certainty," that DNA obtained from one of the masks "originated from [Philpot] or his identical sibling." ([113.1] at 1).[1] The Report found that "[t]he frequency of the DNA alleles shared between Jason Philpot and the DNA obtained from [the mask] is approximately 1 in 400 quadrillion in the African American population and 1 in 1 quintillion in the Caucasian population." ([113.1] at 1). The Report does not clearly explain the methodology used to reach these conclusions.[2]

On February 28, 2017, Philpot filed his Motion in Limine, arguing that "the government's expert has not presented any evidence in support of her population frequency statistical analysis." ([128] at 4). Philpot asks the Court to "exclude that aspect of the witness's opinion regarding the frequency of the DNA alleles

---

[1] The Report also concluded that DNA obtained from one of the masks originated from Reese or his identical sibling. ([113.1] at 1).

[2] The Report states that "[t]echnical notes and data supporting the conclusions and findings in this report are maintained within the laboratory case records." ([113.1] at 2).

2

alleged in this case, or in the alternative to conduct a Daubert hearing on this issue." ([128] at 4).

On April 21, 2017, the Court ordered [130] the Government to "submit evidence of Mr. Kilkeary's qualifications and detailed evidence supporting the methodology he employed in reaching his opinion regarding the DNA allele frequency in this case." ([130] at 5). On May 17, 2017, the Government submitted the information required by the Court, and represented that it "provided Defendants discovery regarding Mr. Kilkeary's qualifications, the relevant methodology, and the underlying data referenced in his lab report." ([146] at 1). This moots the primary argument in Philpot's Motion in Limine, namely, that "the government's expert has not presented any evidence in support of h[is] population frequency statistical analysis." ([128] at 4). Accordingly, Philpot shall notify the Court, on or before May 23, 2017, whether he still seeks to exclude Mr. Kilkeary's expert testimony and, if so, the specific grounds on which he contends that exclusion is warranted.[3] If Philpot continues to seek the exclusion of Mr. Kilkeary's expert testimony, the Government shall file, on or before

---

[3] If Philpot does seek to exclude Mr. Kilkeary's expert testimony, his explanation of the grounds for exclusion should be thorough and clear, and accompanied by specific citations to evidence and authority, so the Court can properly evaluate whether exclusion is warranted.

May 26, 2017, its response explaining why Mr. Kilkeary's testimony should not be excluded.[4]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot shall notify the Court, on or before May 23, 2017, whether he still seeks to exclude Mr. Kilkeary's expert testimony and, if so, the specific grounds on which he contends that exclusion is warranted. If Defendant Jason Philpot continues to seek the exclusion of Mr. Kilkeary's expert testimony, the Government shall file, on or before May 26, 2017, its response explaining why Mr. Kilkeary's testimony should not be excluded.

**SO ORDERED** this 18th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Government's response, if any, should thoroughly address Philpot's arguments and should clearly explain, with citations to evidence and authority, why Mr. Kilkeary's expert testimony is admissible under <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.