# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JASON PHILPOT and PATRICK BERNARD REESE,<br>        **Defendants.** | 1:15-cr-28-WSD-LTW |

## OPINION AND ORDER

This matter is before the Court on Defendant Jason Philpot's ("Philpot") Motion in Limine [133] and Defendant Patrick Bernard Reese's ("Reese") Motion to Adopt Motion in Limine Filed by Other Counsel [135] ("Motion to Adopt").

## I. BACKGROUND

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Philpot and Reese (together, "Defendants") with aiding and abetting each other in Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5). The Indictment alleges that, on

September 30, 2014, Defendants robbed a Waffle House restaurant in Tucker, Georgia.

On May 11, 2017, the Government notified Defendants of its intent to introduce, at trial, records of Defendants' incarceration history (the "Records"). ([133] at 2). The Records allegedly show that Defendants were housed at the same federal prison from November 10, 2010, to March 22, 2012, while serving sentences for prior convictions. ([151] at 3). On May 12, 2017, Philpot filed his Motion in Limine, seeking to preclude the Government from introducing the Records at trial. ([133] at 4). On May 15, 2017, Reese filed his Motion to Adopt, seeking to adopt Philpot's Motion in Limine.[1]

## II. DISCUSSION

Defendants argue the Records should be excluded because they are irrelevant and their probative value, if any, "is far outweighed by [their] prejudicial impact." ([133] at 2). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

---

[1] Reese's Motion to Adopt is unopposed and is granted.

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government argues the Records are relevant because they show Defendants were incarcerated at the same institution and thus Defendants had to know each other before the date of the Hobbs Act robbery with which they are charged. The Records, the Government contends, render it more probable that Defendants aided and abetted each other in committing the robbery. The Court disagrees, finding that there is insufficient evidence to reasonably conclude, based on the record before the Court, that incarceration at the same facility resulted in Defendants becoming known to, and sufficiently associated with, one another such that it is "more . . . probable" that they aided and abetted each other. Fed. R. Evid. 401. That Defendants were confined at the same facility at the same time does not, without more, show that they knew one another or had a relationship predating the offense with which they are charged.[2] Based on the evidence currently before the Court, the Records are irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. The Court also finds that, in the absence of evidence of Defendants' familiarity or association with each other, the Records

---

2  There is no evidence of the size of the facility, for example, or of any arrangements at the facility that render it likely that Defendants knew one another.

are required to be excluded under Federal Rule of Evidence 403 because any probative value they may have is substantially outweighed by the risks of undue prejudice, confusion of the issues, and misleading of the jury.[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot's Motion in Limine [133] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Patrick Bernard Reese's Motion to Adopt Motion in Limine Filed by Other Counsel [135] is **GRANTED**.

**SO ORDERED** this 31st day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] This Order does not prevent the Government from introducing other evidence showing that Defendants knew each other before the date of the alleged robbery. The Government also may seek, at trial, to introduce the Records if it presents an adequate basis for their admission. If Defendants claim that this or any other evidence offered is not admissible, they may object to it at trial.