IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:15-cr-28-WSD-LTW |
| JASON PHILPOT, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jason Philpot's ("Philpot") Motion in Limine [190].

**I.   BACKGROUND**

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Defendants Philpot and Patrick Reese (together, "Defendants") with aiding and abetting each other in a Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5).  The Indictment alleges

that, on September 30, 2014, Defendants robbed a Waffle House restaurant in Tucker, Georgia.

In January 2015, Special Agent William B. Hassell, Jr., of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), prepared an expert report on the two firearms allegedly possessed illegally by Philpot (the "Report"). The Report found that one of the firearms was manufactured in Ohio, and the other was manufactured in Germany and imported to the United States by a company based in Maryland. ([191.1] at 1). The Report states "[i]t is the opinion of SA Hassell that if these firearms were received and/or possessed in the State of Georgia, they traveled in or affected interstate and/or foreign commerce." ([191.1] at 2).

On July 12, 2017, Philpot filed his Motion in Limine, seeking to preclude Special Agent Hassell from "introducing an opinion as evidence about the effect of the firearms in question on interstate and foreign commerce." ([190] at 3). Philpot argues, without citation to authority, that Special Agent Hassell's opinion should be excluded because it "invades the province of the jury." ([190] at 2).

## II.    DISCUSSION

Count 4 charges Philpot with possessing two firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). "In order to prove this offense, the prosecution must establish, beyond a reasonable doubt, that: (1) the defendant had

previously been convicted of a felony; (2) the defendant knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce." United States v. Folk, 754 F.3d 905, 915 (11th Cir. 2014).  Philpot seeks to preclude Special Agent Hassell from testifying that the firearms in Count 4 "traveled in or affected interstate commerce."  ([190] at 2).

"The law in this circuit . . . clearly allows the interstate nexus element of § 922(g) to be established by expert testimony."  United States v. Floyd, 281 F.3d 1346, 1349 (11th Cir. 2002); see United States v. Hunter, 373 F. App'x 973, 977 (11th Cir. 2010) ("Generally, expert testimony that the firearm traveled in interstate commerce is sufficient [to establish the interstate nexus element]."). In United States v. Scott, 263 F.3d 1270 (11th Cir. 2001), an ATF agent testified, at trial, that the firearm allegedly possessed by the defendant "was manufactured in California and had moved in interstate commerce."  Id. at 1274.  The Eleventh Circuit held that this evidence was "sufficient to demonstrate the required nexus to interstate commerce."  Id.  In United States v. Buenrostro, 187 F. App'x 922 (11th Cir. 2006), the court held that "the requisite interstate nexus of the firearm was satisfied" where "[a]n expert testified at trial that, based on their make and serial numbers, the guns found at [defendant's] residence were manufactured in California and Florida, could not have been manufactured in Georgia, and

had traveled in and affected interstate commerce." Id. at 924.  In Floyd, the Eleventh Circuit upheld the admissibility, at trial, of expert testimony from an ATF agent that "the ammunition seized from [defendant] was manufactured by Winchester in Illinois and necessarily travelled in interstate commerce."  281 F.3d at 1347, 1349; see also United States v. Hunter, 373 F. App'x 973, 978 (11th Cir. 2010) (finding no reversible error where the trial court allowed an ATF agent to testify that "the firearm and ammunition found on [defendant] 'traveled in or affected interstate commerce'").

Philpot's claim that Special Agent Hassell's opinion should be excluded because it "invades the province of the jury," ignores Circuit precedent.  Indeed, Rule 704(a) of the Federal Rules of Evidence provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a); see Hunter, 373 F. App'x at 977-78 (stating that "a witness may testify to his opinion on an ultimate issue of fact, but he cannot simply tell the jury what to decide," and finding that an ATF Agent's testimony that a firearm 'traveled in or affected interstate commerce' . . . fell short of telling the jury that they should find [defendant] guilty").  Special Agent Hassell is not precluded "from introducing an opinion as evidence about the effect of the firearms in question on interstate and foreign commerce." ([190] at 3).  Philpot's Motion in Limine is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot's Motion in Limine [190] is **DENIED**.

**SO ORDERED** this 18th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE