**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JASON PHILPOT,**<br>  **Defendant.** | 1:15-cr-28-WSD-LTW-1 |

## OPINION AND ORDER

This matter is before the Court on Defendant Jason Philpot's ("Philpot") Motion to Withdraw Guilty Plea [228] and "Motion for Judgment of Acquittal Notwithstanding the Verdict FRCP Rule 29(c)(1) [and] Motion for New Trial FRCP Rule 33(a)" [229] (together, "Post-Trial Motions").

**I.  BACKGROUND**

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Defendants Patrick Bernard Reese ("Reese") and Philpot (together, "Defendants") with aiding and abetting each other in Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5).  The Indictment alleged that, on September 30, 2014, Defendants robbed a Waffle House restaurant in Tucker, Georgia.

On July 31, 2017, Philpot pleaded guilty to Count 1.  ([209]).  Defendants were tried by a jury on the remaining counts.  On August 4, 2017, the jury found Philpot guilty on Counts 2 and 4, and found Reese not guilty of the counts alleged against him.  ([217]).  Philpot, while represented by Victoria Calvert, later filed, *pro se*, his Post-Trial Motions seeking relief from his convictions.[1,2]

## II. DISCUSSION

Local Criminal Rule 57.1(D)(3) provides limited circumstances in which a represented party may file *pro se* motions in a criminal case:

> **Pro Se Appearance Limitations.**  Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court.  Notwithstanding this rule, the court may in its discretion hear a party in open court even though the party has previously appeared or is represented by attorney.

---

[1] Although Philpot dated his motions July 16, 2017, and July 17, 2017, the Post-Trial Motions describe events occurring well after those dates and necessarily were filed after Philpot's trial concluded on August 4, 2017.  The motions were entered on the docket on August 22, 2017.

[2] Philpot also was represented by attorney Allison Dawson until August 16, 2017.  ([24]).

LCrR 57.1(D)(3), NDGa.

The Post-Trial Motions were filed in violation of this rule because, when the motions were filed, Philpot was represented by Victoria Calvert. Philpot has not stated, or submitted evidence showing, that he notified Ms. Calvert or the Government that he intended to file the Post-Trial Motions as a *pro se* litigant. Philpot also did not obtain an "order of substitution from the court." LCrR 57.1(D)(3), NDGa. As a result, the Post-Trial Motions are denied without prejudice. See United States v. Dupree, No. 1:10-cr-94, 2012 WL 12965627, at *1 n.1 (N.D. Ga. Apr. 5, 2012) (denying a criminal defendant's *pro se* motions for failure to comply with Local Criminal Rule 57.1(D)(3)); United States v. Coleman, No. 1:07-cr-233, 2010 WL 11507843, at *15 (N.D. Ga. Feb. 24, 2010), report and recommendation adopted, No. 1:07-cr-233-3, 2010 WL 11515338 (N.D. Ga. May 18, 2010) (denying several *pro se* motions, in a criminal case, for failure to comply with Local Criminal Rule 57.1(D)(3)); see also United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978) ("It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel. The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself." (citations omitted)).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot's Motion to Withdraw Guilty Plea [228] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Jason Philpot's "Motion for Judgment of Acquittal Notwithstanding the Verdict FRCP Rule 29(c)(1) [and] Motion for New Trial FRCP Rule 33(a)" [229] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 23rd day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE