# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                          1:15-cr-28-WSD-LTW-1

JASON PHILPOT,

          Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Jason Philpot's ("Philpot") Motion to Produce Trial Transcripts [235], Motion to Withdraw Guilty Plea [236], and "Motion for Judgment of Acquittal Notwithstanding the Verdict FRCP Rule 29(c)(1) Motion for New Trial FRCP Rule 33(a)" [237] (together, "Second Post-Trial Motions").

## I.  BACKGROUND

On January 27, 2015, a grand jury in the Northern District of Georgia returned a five-count Indictment [1] charging Defendants Patrick Bernard Reese ("Reese") and Philpot (together, "Defendants") with aiding and abetting each other in Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); using, carrying and discharging a firearm during and in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5). The Indictment alleged that, on September 30, 2014, Defendants robbed a Waffle House restaurant in Tucker, Georgia.

On July 31, 2017, Philpot pleaded guilty to Count 1. ([209]). Defendants were tried by a jury on the remaining counts. On August 4, 2017, the jury found Philpot guilty on Counts 2 and 4, and found Reese not guilty of the counts alleged against him. ([217]). Philpot, while represented by Victoria Calvert, later filed, *pro se*, two post-trial motions [228], [229] (together, "First Post-Trial Motions") seeking relief from his convictions.[1,2] On August 23, 2017, the Court denied [230] Philpot's First Post-Trial Motions because, in violation of Local Criminal Rule 57.1(D)(3), Philpot was represented by counsel when the motions were filed *pro se*.

On September 12, 2017, Philpot filed his Second Post-Trial Motions, again seeking relief from his convictions and "a copy of [his] trial transcripts."

---

[1] Although Philpot dated his motions July 16, 2017, and July 17, 2017, the First Post-Trial Motions described events occurring well after those dates and necessarily were filed after Philpot's trial concluded on August 4, 2017. The motions were entered on the docket on August 22, 2017.
[2] Philpot was represented by attorney Allison Dawson until August 16, 2017. ([24]). She was removed as Philpot's counsel at his request.

2

The Second Post-Trial Motions were filed *pro se*, even though Philpot still is represented by Victoria Calvert. On September 20, 2017, Magistrate Judge Linda T. Walker will hold a hearing on Philpot's request to appoint new counsel. ([232]).

## II.     DISCUSSION

As the Court explained in its August 23, 2017, Order [230], Local Criminal Rule 57.1(D)(3) provides limited circumstances in which a represented party may file *pro se* motions in a criminal case:

> **Pro Se Appearance Limitations.** Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court. Notwithstanding this rule, the court may in its discretion hear a party in open court even though the party has previously appeared or is represented by attorney.

LCrR 57.1(D)(3), NDGa.

Philpot's Second Post-Trial Motions were filed in violation of this rule because, when the motions were filed, Philpot was represented by Victoria Calvert. Philpot did not obtain an "order of substitution from the court" before filing his motions, and Victoria Calvert is still his attorney of record. LCrR 57.1(D)(3), NDGa. In light of the nature of the motions and that he continues to be represented by Ms. Calvert, the Court declines to exercise its discretion to hear Philpot in open

court on these issues. As a result, Philpot's Second Post-Trial Motions are denied without prejudice. See United States v. Dupree, No. 1:10-cr-94, 2012 WL 12965627, at *1 n.1 (N.D. Ga. Apr. 5, 2012) (denying a criminal defendant's *pro se* motions for failure to comply with Local Criminal Rule 57.1(D)(3)); United States v. Coleman, No. 1:07-cr-233, 2010 WL 11507843, at *15 (N.D. Ga. Feb. 24, 2010), report and recommendation adopted, No. 1:07-cr-233-3, 2010 WL 11515338 (N.D. Ga. May 18, 2010) (denying several *pro se* motions, in a criminal case, for failure to comply with Local Criminal Rule 57.1(D)(3)); see also United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978) ("It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel. The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself." (citations omitted)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Philpot's Motion to Produce Trial Transcripts [235] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Jason Philpot's Motion to Withdraw Guilty Plea [236] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Jason Philpot's "Motion for Judgment of Acquittal Notwithstanding the Verdict FRCP Rule 29(c)(1) Motion for New Trial FRCP Rule 33(a)" [237] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 19th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE